J. H. THURMAN v. FARMER'S MUTUAL FIRE INSURANCE COMPANY.

[58 South. 777.]

1. INSURANCE. *Action on note. Consideration. Fraud. Question for jury.*

Where a fire insurance company brought suit on a note given by defendant to it for the premium upon a fire insurance policy which policy was received by defendant but returned to the company, and defendant testified on the trial that he did not read the application for such insurance, which was made out by the agent of the company upon whom he relied to fill it out correctly; that the understanding between himself and the agent was that a different policy was to be issued to him from that which he received; that he returned the policy, because it did not conform to the contract applied for and agreed by the agent to be issued. In such case a peremptory instruction for plaintiff should not have been given.

2. SAME.

If the facts testified to by defendant were true the policy sent him was fraudulent as to him and he was not bound to keep it, although he had signed an application, without actual knowledge of its contents, and at the instance of the agent, which conformed to the terms of the policy.

3. SAME.

In such case the application was admissible in evidence to contradict the defendant; but it was for the jury on .the whole

facts to say whether or not he in fact and with full knowledge made the application and whether or not he did get the policy for which he applied or whether a fraud was perpetrated upon him.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.
Suit by Farmer's Mutual Fire Insurance Company against J. H. Thurman. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Helton & Helton,* for appellant.

This case is very simple. The plaintiff made out his case when he introduced his note; the defendant made out a perfect defense when he showed a failure of consideration, to-wit: That the insurance policy which he received was not the one for which he applied. This evidence was proven direct, and undisputed so far as appellant's testimony on direct examination discloses. This testimony entitled the defendant to a peremptory instruction. In order for the plaintiff then to go to a jury, they must show in rebuttal that the policy received by the appellant was the policy which was applied for by the appellant. In order for the plaintiff below to have gotten a peremptory instruction, it was up to them to show by the appellant here, on his cross-examination by his own statement, ʻthat he was mistaken; that it was the policy that he applied for, which he received. This they did not do. We submit, if the court please, that if they had proven by one hundred witnesses, after the appellant's direct testimony, that the policy received was the policy applied for, still it would have been a question for the jury, unless the appellant himself had changed his testimony throughout, and he had flatly gone back on everything he said in his direct examination, while being cross-examined, and had admitted himself that he was in error, and that he

did receive the policy applied for. In no case was the plaintiff below entitled to a peremptory instruction, unless they introduced the policy itself, and this was not done, although it was in the possession of the plaintiff.

*D. C. Edwards,* for appellee, filed a brief which is lost from the record.

MAYES, C. J., delivered the opinion of the court.

On February 12, 1909, J. H. Thurman executed the following note: "November 15, 1909, I promise to pay to Henry, Dean & Mott, Gen. Agents Farmers' Mutual Fire Insurance Co., eighty-seven and 50/100 dollars, value rec'd, with interest at 6 per cent. from date." On the back of the note was indorsed: "Pay to Farmers' Mut. Fire Ins. Co. of Miss., or order. Henry, Dean & Mott, General Agts." Thurman failed to pay the note when it became due, and suit was finally instituted on same by the Farmers' Mutual Fire Insurance Company in a justice of the peace court, resulting in a judgment dismissing the suit and taxing all costs against the insurance company. From this judgment in the justice of the peace court an appeal was prosecuted to the circuit court, and on the trial in the circuit court the following proceedings took place:

In order to make out its *prima facie* case, the insurance company introduced the note and rested. Thurman took the witness stand in his own behalf, and admitted signing the note, but stated that the consideration of the note was that the insurance company would give him a two thousand dollar insurance policy on his dwelling house. He further stated that when the policy issued by the company and received by him, instead of being a policy for two thousand dollars on the dwelling house, as it had been agreed between himself and the agent that it should be, the policy was for only twelve hundred dollars on the house, and the remaining eight

hundred dollars was apportioned on various other articles not intended or agreed to be insured; that is to say, five hundred dollars on the barn, and a certain other amount on the bedding, etc. The policy was not introduced in evidence by either party; but it seems to be conceded on both sides that the insurance policy was not on the dwelling house alone for the full amount, but that it included the house and other property. Thurman states that he did not apply for or agree to insure anything but the dwelling. When the policy was received, Thurman kept it for a few days and returned it. He denies that he ever accepted the policy. He states that he did not return it immediately, because he lived about seven and one-half miles from the postoffice. The application signed by Mr. Thurman was introduced, and we are led to believe from the testimony in the case that the policy conformed to the application which he signed; but we are left in doubt as to this, because the policy is not placed in evidence, Thurman states that he did not read the application when he signed it. After the evidence was in, the court excluded all the evidence of the defendant, and gave a peremptory instruction to find for the plaintiff.

Clearly this is not a case where a peremptory instruction should have been given. Thurman asserts that he did not read the application; that the understanding between himself and the agent was that a different policy was to be issued to him from that which he received; that he returned the policy, because it did not conform to the contract applied for and agreed by the agent to be issued. If this is true, and it was for the jury to say whether it was or not, the policy sent was fraudulent as to him, and he was not bound to keep it, although he had signed an application, without actual knowledge of its contents, and at the instance of the agent, which conformed to the terms of the policy. Thurman states that he did not read the application, and the fair inference

from the facts is that, if he did not read the application, it was made out by some one on whom he relied to have it meet the terms agreed upon, and that person was the agent of the company. The application was admissible in evidence to contradict Thurman in his statement; but it was for the jury on the whole facts to say whether or not he in fact and with full knowledge made the application, and whether or not he did get the character of policy for which he applied, or whether a fraud was perpetrated on him.

*Reversed and remanded.*